## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LYNDEL HARRIS, ) | |
| ) | |
| Plaintiff, ) | Case No. CIV-15-125-HE |
| ) | |
| v. ) | |
| ) | |
| OKLAHOMA CITY UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

**COMES NOW** Plaintiff Lyndel Harris and, for his cause of action against Defendant Oklahoma City University, alleges and states as follows:

### The Parties

1. Plaintiff Lyndel Harris is an individual and citizen of the State of Oklahoma.

2. Defendant Oklahoma City University is a domestic not-for-profit corporation that has its principal place of business in Oklahoma City, Oklahoma.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over the cause of action asserted herein pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this Court because the cause of action arose in this judicial district.

1

Factual Allegations

5. Plaintiff was employed by Defendant for twenty-seven (27) years in the University's Police Department. From 2001 through 2014, Plaintiff served as the Chief of Police. In April 2014, Plaintiff was aged sixty-two (62) years old.

6. In or around April 2014, the Vice President of Student Affairs, Rick Hall, was directed by Mary Jenkins to terminate Plaintiff and his Assistant Chief of Staff or, in lieu of termination, allow them to resign. Jenkins told Hall that there was "no energy left in the police department."

7. When Jenkins stated that there was "no energy left in the police department," she was referring specifically to the age of Plaintiff, 62, and Plaintiff's Assistant Chief, who was 67 at the time.

8. Hall understood that Jenkins was referring specifically to Plaintiff's age when she said that there was no energy left in the police department because, before a meeting on April 30, 2014 with Plaintiff, Hall told Plaintiff that he "was not getting any younger."

9. Before the April 30, 2014 meeting, Hall asked Plaintiff on several occasions when he was going to retire. Hall was not inquiring of Plaintiff when he would retire for the purpose of succession planning within the police department, but rather trying to convince Plaintiff to retire because of his age.

10. Before the April 30, 2014 meeting occurred, a younger successor for Plaintiff's position had already been selected by Jenkins. Plaintiff was aware that his

position had already been filled by a younger person at the time of the April 30, 2014 meeting.

11. During the April 30, 2014 meeting, Hall informed Plaintiff that Defendant wanted him to resign. Plaintiff felt compelled and was forced to resign because he knew that he did not have any choice in the matter, as Defendant had already selected a younger replacement for him and would terminate him if he did not resign.

**FIRST CAUSE OF ACTION – VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA) OF 1967, AS AMENDED, 29 U.S.C. § 621 *et seq.***

12. Plaintiff incorporates by reference Paragraphs 1 through 10 as though set forth in full herein.

13. At all relevant times herein mentioned, Plaintiff was in the protected age classification because his age was 62.

14. By reason of Plaintiff's education, experience, and job knowledge, Plaintiff was at all times qualified to perform the job duties of Chief of Police of the University Police Department and had successfully performed those duties for more than a decade.

15. Defendant constructively discharged Plaintiff because he reasonably believed that he was at risk of losing his job on April 30, 2014 for the unlawful reason of age discrimination, for the reasons described above.

16. Plaintiff's age was the factor that made a difference in Defendant's intentional decision to constructively discharge Plaintiff by forcing him to resign and bring in a younger replacement that was already hired before the April 30, 2014 meeting occurred.

17. As a direct and proximate result of Defendant's discriminatory actions as hereinabove alleged in violation of the Age Discrimination in Employment Act of 1967, as amended, Plaintiff has suffered, and is now suffering, and will continue to suffer, irreparable injury and economic loss, and Plaintiff seeks all of the relief afforded by the Age Discrimination in Employment Act of 1967, as amended.

18. Defendant was, and is, an employer within the meaning of § 11(b) of the ADEA (29 U.S.C. § 630(b)) in that it did and now does employ more than 20 persons.

19. Defendant's violation of the ADEA of 1967, as amended, was willful.

20. Plaintiff has complied with all of the administrative requirements prior to filing this action and this action has been filed within ninety (90) days from the issuance of the Equal Employment Opportunity Commission's Dismissal and Notice of Suit Rights.

WHEREFORE, Plaintiff demands and prays for judgment against Defendant as follows:

(1) That a judgment be entered declaring that Plaintiff was unlawfully discriminated against by Defendant in violation of the Age Discrimination in Employment Act of 1967, as amended;

(2) That Defendant be ordered to make Plaintiff whole by providing back pay and any and all other remedies authorized by the ADEA;

(3) That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the wages due and owing Plaintiff as provided by 29 U.S.C. § 626(b) and § 216(b);

(4)   That Plaintiff be awarded his costs and expenses of this litigation, including reasonable attorney's fees, and expert witness fees, and;

(5)   That Plaintiff be granted such legal and equitable relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

/s/ Barrett T. Bowers
Stanley M. Ward, OBA# 9351
Woodrow K. Glass, OBA# 15690
Scott F. Brockman, OBA# 19416
R. Ben Houston, OBA#14751
Barrett T. Bowers, OBA #30493
Brent L. Neighbors, OBA #15910
Bryan B. Young, OBA #31434
WARD & GLASS, L.L.P.
1821 E. Imhoff, Suite 102
Norman, Oklahoma 73071
Telephone:   (405) 360-9700
Facsimile:    (405) 360-7902
**ATTORNEYS FOR PLAINTIFF**

**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**